IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DYLAN LEE MONROE KLEIN,<br><br>Plaintiff,<br><br>vs.<br><br>CASCADE COUNTY DETENTION CENTER, PETER MOLNER, DETENTION CENTER MEDICAL STAFF, and SGT. GRUBB,<br><br>Defendants. | CV-17-00104-GF-BMM-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Dylan Klein, a prisoner proceeding in forma pauperis and without counsel, has filed an Amended Complaint. (Doc. 12.)  The Court has considered whether Mr. Klein's Amended Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  It has also considered whether Mr. Klein has a reasonable opportunity to prevail on the merits.  *See* 42 U.S.C. § 1997e(g). Dismissal is not appropriate at this time.  Defendants Grubb and Molner must respond to the Amended Complaint.  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional

1

facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

As set forth in the Court's prior Order, the Cascade County Detention Center is merely a building, it is not a person or legally created entity capable of being sued.  In Montana, a detention center is defined as "a facility established and maintained by an appropriate entity for the purpose of confining arrested persons or persons sentenced to the detention center."  Mont.Code Ann. § 7–32–2120.  A detention facility is merely a building that cannot be sued. *Barnes v. Cascade County Detention Center*, 2008 WL 5412448 (D.Mont. 2008).  Further, as Mr. Klein was advised, the Amended Complaint replaces the original complaint, and the original complaint no longer serves a function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Mr. Klein did not name the Detention Center in his Amended Complaint.  As such, the Cascade County Detention Center should be dismissed.

Similarly, Mr. Klein has again identified unnamed individuals as Defendants.  Specifically, he alleges "Nurse 1, Nurse 2, and Grievance officer

ignored my requests for healthcare." (Doc. 12 at 6.)  As he was advised in the Court's prior Order (Doc. 11), when a plaintiff is not able to name one or more defendants when he files his complaint, he must provide sufficient information to enable the court and his opponents to know whom he is trying to identify.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 390 n. 2 (1971); *Wakefield v. Thompson*, 177 F.3d 1160, 1162 n. 4 (9th Cir. 1999).  Mr. Klein has still not provided sufficient information to enable the court or his opponents to know whom he is trying to identify.  Once a scheduling order is issued in this case, Mr. Klein may conduct discovery in an attempt to identify these individuals.  Should he do so, he may file a second amended complaint within the time that will be set in the scheduling order to file amended pleadings.

Based on the foregoing, the Court issues the following:

## ORDER

1.  Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Grubb and Molner to waive service of summons of the Amended Complaint by executing, or having counsel execute, the Waiver of Service of Summons.  The Waiver must be returned to the Court within 30 days of the entry date of this Order as reflected on the Notice of Electronic Filing.  If Defendants Grubb and Molner choose to return the Waiver of Service of Summons, their answer or appropriate

3

motion will be due within 60 days of the entry date of this Order as reflected on

the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B).  *See also*

42 U.S.C. § 1997e(g)(2).

    2.  The Clerk of Court shall forward the documents listed below to:

Joshua Racki                         Mr. Grubb
Cascade County Attorney        Peter Molner
121 4th Street North #2A        Cascade County Detention Center
Great Falls, MT 59401          3800 Ulm North Frontage Road
                                     Great Falls, MT 59404

    *       Amended Complaint (Doc. 12);
    *       this Order;
    *       a Notice of Lawsuit & Request to Waive Service of Summons; and
    *       a Waiver of Service of Summons

    Counsel for Defendants must file a "Notice of Appearance" as a separate

document at the time an Answer or Rule 12 motion is filed.  *See* D. Mont. L.R.

12.2.

    3.  Any party's request that the Court grant relief, make a ruling, or take an

action of any kind must be in the form of a motion, with an appropriate caption

designating the name of the motion, served on all parties to the litigation, pursuant

to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the

Court information, such information must be presented in the form of a notice.

The Court will not consider requests made or information presented in letter form.

4.  Mr. Klein must not make any motion for default until at least 70 days after the date of this Order.

5.  Pursuant to Local Rule 26.1(d), no party may begin discovery until a Scheduling Order has been issued.

6.  At all times during the pendency of these actions, Mr. Klein must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATIONS

The Cascade County Detention Center should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Klein may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Klein is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 4th day of June, 2018.


    */s/ John Johnston*
John Johnston
United States Magistrate Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DYLAN LEE MONROE KLEIN, | CV-17-00104-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |
| CASCADE COUNTY DETENTION CENTER, PETER MOLNER, DETENTION CENTER MEDICAL STAFF, and SGT. GRUBB, | |
| Defendants. | |

To:
Joshua Racki                          Mr. Grubb
Cascade County Attorney               Peter Molner
121 4th Street North #2A              Cascade County Detention Center
Great Falls, MT 59401                 3800 Ulm North Frontage Road
                                      Great Falls, MT 59404

A lawsuit has been filed against you or individuals you may represent in this Court under the number shown above.  A copy of the Amended Complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must file the signed waiver within 30 days from the date

1

shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants had been served on the date the waiver is filed, but no summons will be served on Defendants and Defendants will have 60 days from the date this notice is sent (see the date below) to answer the claims of Mr. Klein contained in the Amended Complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshal's Service to serve the summons and Amended Complaint on Defendants and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 4th day of June, 2018.


 */s/ John Johnston*                 
John Johnston
United States Magistrate Judge

2

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DYLAN LEE MONROE KLEIN, | CV-17-00104-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Waiver of the Service of Summons |
| CASCADE COUNTY DETENTION CENTER, PETER MOLNER, DETENTION CENTER MEDICAL STAFF, and SGT. GRUBB, | |
| Defendants. | |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of the request to waive service of summons in this case.  Defendants also received a copy of the Amended Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____,      _____,

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but

1

waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)

2